**YONG GEN CHEN, Petitioner,**

v.

**Alberto R. GONZALES, United States Attorney General, Respondent.**

No. 06–3028–ag.

United States Court of Appeals, Second Circuit.

May 17, 2007.

Len Li, Law Offices of Fenglin Liu, New York, NY, for Petitioner Yong Gen Chen.

Linda Nettles Harris, Assistant United States Attorney, for David Kustoff, United States Attorney, Memphis, TN, for Respondent Alberto Gonzalez.

PRESENT: Hon. B.D. PARKER, Hon. REENA RAGGI, Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Yong Gen Chen, a citizen of China, seeks review of a May 31, 2006 order of the BIA summarily affirming immigration judge ("IJ") Helen Sichel's March 3, 2005 decision denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yong Gen Chen,* No. A96 013 629 (B.I.A. May 31, 2006), *aff'g* No. A96 013 629 (Immig. Ct. N.Y. City Mar. 3, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When, as here, the BIA affirms the decision of the IJ without opinion, this Court reviews the decision of the IJ directly. *Secaida–Rosales v. I.N.S.,* 331 F.3d 297, 305 (2d Cir.2003). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). Even if certain aspects of the IJ's adverse credibility determination are flawed, we need not remand where "(1) substantial evidence in the record relied on by the IJ, considered in the aggregate, supports the IJ's finding that petitioner lacked credibility, and (2) disregarding those aspects of the IJ's reasoning that are tainted by error, we can state with confidence that the same decision would be made were the petition remanded." *Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 338–39 (2d Cir.2006).

In this case, two factors relied on by the IJ in reaching her adverse credibility determination raise concerns. First, the IJ

faulted the petitioner for failing to authenticate his government-issued documents pursuant to 8 C.F.R. § 287.6, when we have held that "asylum applicants can not always reasonably be expected to have an authenticated document from an alleged persecutor," *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 404 (2d Cir.2005) (internal citation omitted). Second, the IJ engaged in inappropriate speculation concerning the plausibility of the petitioner's testimony regarding the Chinese government's detention of his parents and the likelihood that the authorities would be interested in punishing him for hiding a Falun Gong practitioner. *See id.* at 405.

Even if we were to identify error in such reliance, petitioner would not be entitled to relief. The IJ cited a number of other reasons for her adverse credibility determination, well supported by the record, that persuade us that she would reach the same conclusion if we remanded the case. These include the petitioner's contradictory testimony regarding his relationship with the Falun Gong practitioner whose concealment is the centerpiece of the petitioner's asylum claim, the IJ's observations of the petitioner's demeanor during his testimony, and the petitioner's failure to explain why his father obtained a notarial birth certificate for him before the events that caused him to leave China allegedly occurred. We find these reasons sufficient to support the IJ's determination.

For the foregoing reasons, the petition for review is DENIED, and any pending motion for a stay of removal is DISMISSED as moot.